```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                   (WESTERN DIVISION - LOS ANGELES)



PRACTICAL MAGIC, LLC, ET AL, ) CASE NO: 2:23-cv-4295-WLH-JC
                             )
              Plaintiffs,    )            CIVIL
                             )
        vs.                  )      Los Angeles, California
                             )
GENEVIEVE VON PETZINGER,     )       Friday, March 1, 2024
                             )
              Defendant.     )      (10:04 a.m. to 10:17 a.m.)


        HEARING RE: MOTION TO ENFORCE PRELIMINARY INJUNCTION
                            [DKT.NO.30]

              BEFORE THE HONORABLE WESLEY L. HSU,
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

For Plaintiffs:          SCOTT D. TENLEY, ESQ.
                         Tenley Law, P.C.
                         620 Newport Center Drive
                         Suite 1100
                         Newport Beach, CA 92660

Also present:            MATTHEW LEWIS

For Defendant:           GENEVIEVE VON PETZINGER, PRO SE
                         Victoria BC V8S 2M4

Deputy Clerk:            Holidae Crawford

Court Reporter:          Recorded; CourtSmart

Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1    **Los Angeles, California; Friday, March 1, 2024; 10:04 a.m.**

2                              **(Call to Order)**

3            **THE CLERK:** Please remain seated and come to order.
4    This United States District Court is once again in session.

5            Calling item number three, LA-23-CV-4295, Practical
6    Magic, LLC, et al versus Genevieve Von Petzinger.

7            Counsel, please state your appearance starting with
8    plaintiff.

9            **MR. TENLEY:** Good morning, Your Honor, Scott Tenley
10   on behalf of plaintiffs, Practical Magic, LLC and Angel Valley
11   Productions.  And I'm joined at counsel table by plaintiffs'
12   representative Matthew Lewis.

13           **THE COURT:** Thank you.

14           Ma'am, you're Ms. Von Petzinger?

15           **MS. PETZINGER:** Yeah, that's correct, Your Honor.

16           **THE COURT:** Okay.  Thank you.

17           All right.  The matter is on calendar for the
18   plaintiffs' motion to enforce preliminary injunction.

19           I am -- we did not issue a tentative in the case, but
20   let me just tell you orally what my tentative is.

21           Based on the paper -- based on the opposition that
22   was filed, it seems there is no, in fact, opposition to most of
23   the request, so it's granted.

24           The only opposition was to the cost of the forensic
25   exam and the attorney's fees order.  I am not inclined to grant

1  that right now.  My view of it is to -- is that you should do
2  the forensic exam and then see what happens.
3        Presumably if you do in fact find the database, that
4  will answer the question of who I'm going to award the
5  attorney's fees to and the -- and the costs.
6        Does that make sense, Mr. Tenley?
7        **MR. TENLEY:**  Well Your Honor, the reason that we were
8  hoping to have more of an evidentiary hearing is because of the
9  record that I anticipated we would develop which shows why we
10 couldn't trust any of the representations that the defendant
11 has made.  And the related concern, and especially in light of
12 the communications to the Court, is what are we going to get?
13        Based on what we've seen and how overwhelming the
14 evidence is that refutes what's in the declaration, we don't
15 have any confidence that what we're going to get is the actual
16 data that's not been tampered with, concealed, destroyed --
17 hopefully we can find it.  But then on top of that we have an
18 email from her former counsel who said she's not going to obey
19 any order of the Court, which is a very troubling development.
20        **THE COURT:**  Well I'm -- so I was going to address
21 that separately.  I don't -- in my view the representation of
22 counsel does not necessarily control how I'm going to order
23 what's before me today.  It certainly will control what happens
24 in the future.
25        If, for example, that it's clear to me that despite

1  my order today that what is produced is only the -- is only

2  manipulated and false data.  I just -- I just didn't view that

3  as necessarily impacting what's happening today at today's

4  hearing.

5        But let me be clear, Ms. Von Petzinger, I am very

6  disturbed by what your prior lawyer said.  I take my authority

7  very, very seriously.  Ignoring court orders can have very,

8  very serious consequences, including jail.

9        A -- one of the sanctions for contempt in the United

10 States, I know you're in Canada, but one of the sanctions for

11 contempt in the United States is going to jail.  Yes, there are

12 monetary sanctions and those are far more common.  But I'm not

13 going to rule out anything at this stage of the proceeding nor

14 am I finding that you've done anything at this -- at this

15 moment in time.

16       But I'm warning you that I take my authority very

17 seriously.  And court orders coming out of this Court must be

18 obeyed in my view or whatever power I have to make sure that

19 they are obeyed I intend to use it.

20       Am I being clear?

21       **MS. PETZINGER:**  Yes, Your Honor.  Thank you.

22       **THE COURT:**  Okay.

23       Mr. Tenley, how would you prefer that I proceed at

24 this point knowing that that's my tentative?

25       **MR. TENLEY:**  So my inclination would be to enter the

1  proposed order -- amended proposed order that we submitted.

2  The only snag, now that we have a pro se party, is

3  going to be -- we certainly need to screen out privileged

4  communications.  We aren't entitled to that, and I don't want

5  to see it.

6  **THE COURT:**  Sure.

7  **MR. TENLEY:**  So the timing might present some

8  problems since we won't be working with an attorney on that

9  side.  And perhaps if there is a problem with the mechanics, we

10 can come back to the Court and maybe modify the order.

11 **THE COURT:**  Oh, sure.

12 **MR. TENLEY:**  But I think for purposes of the order

13 that we proposed it would be a good start.

14 And to the extent we get to the question later on of

15 how should costs be assigned or apportioned, I would hope the

16 Court would allow us at least to request an evidentiary hearing

17 on some of the matters that might come up.

18 **THE COURT:**  Yes.  I think that -- I think that -- I -

19 - the only reason that I'm not ruling on that today in your

20 favor -- so it -- I would be denying that request without

21 prejudice.  The only reason I'm not ruling on that today in

22 your favor is to see what happens from the forensic analysis.

23 Once that happens, I'm going to want to know, you

24 know, what you have found and what evidence that you have that,

25 you know, that it was deleted or the data is manipulated or

1   whatnot.  And I think that, you know, to the extent that it's

2   contested, then I think that an evidentiary hearing would be

3   appropriate.

4            If it's not contested, then you know, I may just sign

5   off on your order asking for attorney's fees and costs.

6            **MR. TENLEY:**  I understand.

7            You know, and a related issue is one of the -- one of

8   the things that we intended to address at the evidentiary

9   hearing is the defendant has taken the position that she's only

10  had two devices, a laptop and an iPhone.  And I was going to

11  present multiple clips of the defendant discussing and using

12  her iPad.  So we might even have a collection problem at the

13  outset.

14           **THE COURT:**  Mm.

15           **MR. TENLEY:**  But again, I hear where you're coming

16  from, and it seems like let's address it when the problem

17  arises.  Maybe we'll get that disclosure now because of the

18  Court's order.

19           **THE COURT:**  Yes, that is what I'm hoping.

20           And just one thing to be clear, Ms. Von Petzinger,

21  not because you're you, but just because you are a litigant

22  that doesn't have a lawyer at the moment.  When the document

23  requests or the subpoenas request all, they really mean all.

24  You don't get to choose your response.  You don't get to say,

25  "Well, that iPad doesn't really count."  It all counts.

1              And if you are not complying with the requests for
2     all, then again, it's going to implicate my authority to make
3     sure that you are complying in any way, in any manner that I am
4     empowered to do.
5              So please make sure that when you are disclosing
6     these materials to the other side, they are entitled to them.
7     The default is that they are entitled to everything.  If you
8     want to withhold something, you need to actually ask me for
9     permission to withhold it.  And that would include telling me
10    what it is that you're withholding and why.
11             Otherwise the default is, I'm going to assume that
12    you gave them everything.  And if my assumption is wrong, then
13    there will be consequences.
14             **MS. PETZINGER:**  May I respond briefly, Your Honor?
15             **THE COURT:**  Yes.
16             **MS. PETZINGER:**  Okay.  I wasn't being -- the iPad is
17    actually for my younger son who is autistic.  He has been using
18    it for his speech therapy stuff.  I don't use it.  I mean, I
19    may have had it in my -- I don't think of it as mine, and I'm
20    sorry.  Like I guess technically it's mine, it's just it's my
21    son's.  But of course, there's nothing on it.  I mean, you guys
22    can have at her.  Like that's fine.
23             **THE COURT:**  I --
24             **MS. PETZINGER:**  It's the same thing as everything
25    else.  Yeah.

1   **THE COURT:** Yes.  So I mean, I think that -- to be
2   clear I don't want to -- I'm not going to be unreasonable about
3   it.  I don't want to --
4   **MS. PETZINGER:** Mm-hmm.
5   **THE COURT:** -- deprive your son of an iPad that he
6   needs to do his learning.  But Mr. Tenley is entitled to make
7   an image of that iPad so that he knows for certain what you say
8   is true, that there is nothing on it.  He's entitled to make a
9   copy of it and analyze it.  So make sure that when you make a
10  decision like that, I know you don't think of it as yours, but
11  when you make a decision like that, you have to tell him that
12  you're making that decision.  Okay?
13  **MS. PETZINGER:** Um --
14  **THE COURT:** Yes.
15  **MS. PETZINGER:** May I say one more thing?  Sorry --
16  **THE COURT:** Sure.
17  **MS. PETZINGER:** -- I don't know how to do this.  I'm
18  trying my best.
19  So the big issue we're running into here, if I may
20  just quickly explain, is that because of the injunction,
21  because of the situation, I haven't been able to work and I've
22  run out of money.  Like this is the problem we're facing is
23  that unfortunately it's very effectively blocked me because I
24  am the Geometric Science Paleoart Lady, and so suddenly I can't
25  talk about my stuff.  It is what it is.  We're dealing with

1  that.

2  **THE COURT:** All right.

3  **MS. PETZINGER:** But the problem I'm running into and
4  what I ran into is I couldn't afford to come to LA. I mean
5  absolutely no disrespect to you or your Court. I just -- I'm
6  within a rock and a hard place here. And I have no problem
7  with them looking at my devices. I have nothing to hide. It's
8  just that I can't get to LA to do the forensic imaging for them
9  because that's going to cost me thousands of dollars.

10  So if there was a way that they could figure that I
11  could take it somewhere in Canada and pass it to somebody and
12  they make copies, they can have it. I got no problem. I have
13  nothing to hide. I never have. And so this is -- the only
14  barrier to this is financial. So if you're able to help me
15  negotiate that, then of course, I've never had a problem with
16  them looking at my devices. I just don't know (glitch in
17  audio) possibly pay for it.

18  **THE COURT:** Well Mr. Tenley is the one that wants it,
19  so I will leave it to him in the first instance to try and
20  figure out a way to get them from you.

21  My point is that you just have to tell him what you
22  have and tell him that you're willing to turn it over to him,
23  and he will find a way, I assume, Mr. Tenley, to get that from
24  you.

25  But if you withhold something from him or you delete

1  something before you give it to him, then there will be

2  consequences.  That's all I want to be clear about.

3           **MS. PETZINGER:**  Of course, Your Honor, I understood

4  that.  I haven't touched things.

5           **THE COURT:**  Okay.

6           **MS. PETZINGER:**  So there was nothing to touch.

7           **THE COURT:**  Okay.

8           **MS. PETZINGER:**  But I have not touched anything.

9  I've been very careful.  I didn't even open stuff so we didn't

10 change -- like you know the date open when you --

11          **THE COURT:**  Yes.

12          **MS. PETZINGER:**  -- click on a file?  I have not even

13 touched things.  I have been so careful.

14          **THE COURT:**  Okay.  Good.  Good plan.

15          **MR. TENLEY:**  Yeah, we've identified vendors in

16 British Columbia, so we'll be --

17          **THE COURT:**  Okay.

18          **MR. TENLEY:**  -- able to get local to her.

19          **MS. PETZINGER:**  (inaudible).

20          **MR. TENLEY:**  And so my understanding is that the

21 defendant is now going to comply with the order that you've

22 entered.  I --

23          **THE COURT:**  That is what she just told me.  So we now

24 have it on the record that she's complying and that she's

25 turning it all over to you for imaging in British Columbia.

```
 1            MR. TENLEY:  All right.
 2            THE COURT:  Okay?  All right.  We'll sign the order
 3  as modified by -- orally here in court, and then we'll see
 4  where we go from there.  It's without prejudice to you bringing
 5  in the motion again, Mr. Tenley.
 6            MR. TENLEY:  Thank you, Your Honor.
 7            THE COURT:  All right.  Thank you all very much.
 8            THE CLERK:  All rise.
 9            MS. PETZINGER:  Thank you, Your Honor.
10            THE CLERK:  Court is in recess.
11            Thank you, ma'am.  The hearing is over so you're
12  welcome to log --
13       (Proceeding adjourned at 10:17 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                           **March 19, 2024**
            Signed                                                       Dated


*TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**