```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRACTICAL MAGIC LLC; and ANGEL VALLEY PRODUCTIONS, LLC<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GENEVIEVE VON PETZINGER,<br><br>　　　　Defendant. | No. 2:23-cv-04295-WLH(JCx)<br><br>**FINAL JUDGMENT** |

On September 10, 2024, the Court granted Plaintiffs Practical Magic, LLC and Angel Valley Productions, LLC's (collectively, "Plaintiffs") Application for Attorneys' Fees due to defendant Genevieve von Petzinger's ("Defendant") violations of Court orders (Dkt. No. 80). On August 1, 2025, the Court granted in part and denied in part Plaintiffs' Motion for Entry of Default Judgment against Defendant (Dkt. No. 129).

For the reasons set forth therein:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.　　Defendant is ORDERED to pay Plaintiffs $18,480 in attorney's fees due to Defendant's violations of Court orders.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

2. Judgment is entered in favor of Plaintiffs on Plaintiffs' causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation and fraudulent inducement.

3. Defendant is **ORDERED** to pay Plaintiffs damages in the amount of $466,422 arising out of Plaintiffs' fraud claims.

4. Defendant is **ORDERED** to pay Plaintiffs damages in the amount of $3,256,264, plus pre-judgment interest in the amount of $321,585.60, arising out of Plaintiffs' contract claims.[1]

---

[1] "In diversity actions, state law determines the rate of prejudgment interest." *Am. Tel. & Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996). "California law provides that prejudgment interest on a breach of contract claim begins to run from the date of injury if the damages are *certain*, but from no earlier than the date of the complaint if the damages are uncertain." *Ameris Bank v. Key Carrier Grp., Co.*, 2024 WL 3740093, at *7 (C.D. Cal. June 28, 2024) (citing Cal. Civ. Code § 3287). Recovery of this interest, in other words, is dependent on whether the defendant actually knows the amount owed or from reasonably available information could the defendant have computed that amount." *Forbush v. NTI-CA Inc.*, 2025 WL 405696, at *15 (S.D. Cal. Feb. 5, 2025) (citing *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal.App.4th 740, 774 (2002)). The Court accepts Plaintiffs' proposal to award prejudgment interest on the outstanding balance of the John Templeton Foundation grant in the amount of $1,438,471, with accrual commencing on June 1, 2023, the date Defendant breached her obligations under the Attachment Agreement and On-Camera Talent Agreement via her counsel's letter to the Foundation notifying it of her withdrawal from the First Signs project. (*See* Compl., Docket No. 102 ¶ 150). On that date, it was certain to Defendant that her withdrawal would directly result in Plaintiffs' loss of grant funds.

Since the contract at issue does not enumerate a legal rate of interest, the pre-judgment interest is set to 10 percent per annum. *See* Cal. Civ. Code § 3289(b). Accordingly, the daily rate of interest on the $1,438,471 in contract damages for Plaintiffs' loss in grant funding, as ordered by the Court (*see* Docket No. 129), is $394.10. As of the date of this Judgment, 816 days have elapsed since Defendant's breach, justifying an award of $321,585.60 in pre-judgment interest.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

5. The Attachment Agreement, attached to the Second Amended Complaint (Dkt. No. 102) at Exhibit A, is a valid, effective, and enforceable contract under California law. It is further declared that the Attachment Agreement is in full force and effect because Plaintiffs obtained third party funding for the Series.

6. Practical Magic, LLC and Defendant entered in a valid, enforceable implied-in-fact contract through Defendant's conduct, the terms of which are set forth in the On-Camera Talent Agreement attached to the Second Amended Complaint (Dkt. No. 102) at Exhibit D. There are no terms of the On-Camera Talent Agreement that are excluded from the implied-in-fact contract between Practical Magic, LLC and Defendant. Furthermore, Defendant's conduct created implied-in-fact assent to the On-Camera Talent Agreement, a true and correct copy of which is attached to the Second Amended Complaint at Exhibit D. Defendant is a party to the On-Camera Talent Agreement, as if she had provided her written signature to same. She is legally bound by all of the terms contained therein.

7. Defendant does not hold, own, or control any intellectual property or copyrights associated with *The First Signs* docuseries (the "Series") (in whole or in part), or any rights, entitlements, or interests thereto. Pursuant to the Attachment Agreement, Angel Valley Productions, LLC owns the results and proceeds of all of Defendant's services in connection with the Series and the exclusive right to use intellectual property owned or controlled by Defendant utilized in conjunction with the Series, such rights to be exclusive to Angel Valley Productions, LLC in television and adjacent forms of media, including but not limited to VOD, streaming, home video, and EST, with the sole right to exploit same in all media throughout the world in perpetuity.

8. The Attachment Agreement (Dkt. No. 102 at Exhibit A) and the On-Camera Talent Agreement (Dkt. No. 102 at Exhibit D) are incorporated fully herein by reference.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

9. Post judgment interest shall accrue on all amounts set forth in this order at the federal statutory rate of 3.91 percent per annum.[2]

DATED: 8/26/2025

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

---

[2] Post judgment interest is governed by federal law. *See Am. Tel. & Tel. Co.*, 98 F.3d at 1209. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961  The average of the previous week's yields (August 15, 2025 to August 22, 2025) is 3.91.

4